133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan ADAME, Plaintiff-Appellant,
v.
K.W. PRUNTY; S.H. Garcia, Assistant Warden; P.D.
Washington, Program Administrator; T.L. Wells;
W.J. Davis, T.L. Swetich; W. Price,
Defendants-Appellees.
 No. 96-56242.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 1
 Before: SNEED, LEAVY and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Juan Adame, a California state prisoner, appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that defendants used excessive force to remove him from his cell after he refused to reliquish his food tray. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo the district court's grant of summary judgment. See Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We dismiss.
 
 
 4
 We agree with the district court that Adame failed to show personal participation by defendants Davis, Swetich, and Price in extracting him from his cell. See Taylor, 880 F 2d at 1045. We also agree that Adame failed to show that defendant Wells used excessive force agairst him. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) To the extent Adame appeals the dismissal of defendants Prunty, Garcia, and Washington, we affirm the dismissal because Adame failed to show the defendants personally participated in a constitutional violation. See Taylor, 880 F.2d at 1045.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject the defendants's contention that the notice of appeal was untimely because it was properly filed on August 22, 1996, less than 30 days after the entry of judgment. See Fed. R.App. P. 4(a)(1)